# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER HUTCHINSON,

        Petitioner,    :    Case No. 1:14-cv-874

- vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

WARDEN, London
 Correctional Institution,

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations (ECF No. 18) recommending Respondent's Motion to Dismiss be granted. District Judge Black has recommitted the case for reconsideration in light of the objections (ECF No. 21).

Hutchinson's Petition raises two claims of ineffective assistance of appellate counsel, to wit, that appellate counsel did not raise as assignments of error (1) the insufficient evidence on two counts of conviction and (2) ineffective assistance of trial counsel (Petition, ECF No. 1, PageID 5-6). The Warden moved to dismiss, asserting Hutchinson procedurally defaulted in presenting these two claims of ineffective assistance of appellate counsel to the Ohio Fourth District Court of Appeals. The Magistrate Judge agreed, but Hutchinson now objects.

1

**First Objection: The State Forfeited its Procedural Default Defense**

Hutchinson raised these claims in the state courts by including them in his Ohio R. App. P. 26(B) Application. He claimed in his Memorandum in Opposition that the State is barred by *res judicata* from claiming procedural default because it defended the 26(B) on the merits (ECF No. 16, PageID 492 ). The Report disagreed, noting that *res judicata* applies to judgments, not to positions taken by the parties before judgment (ECF No. 18, PageID 520-21).

Hutchinson objects. While conceding by his silence the *res judicata* point, he now essentially claims the State forfeited the procedural bar by not raising it in the court of appeals (Objections, ECF No. 20, PageID 536-37). Hutchinson cites no Ohio law to the effect that an Ohio appellate court cannot enforce the Ohio Rules of Appellate Procedure *sua sponte* nor any federal law that such an enforcement is ineffective in a subsequent habeas case.

Hutchinson argues that the State's defense of the 26(B) on the merits "is evidence that state law does not clearly support the existence of the alleged procedural requirement." *Id.* at PageID 536. However, the procedural requirement relied on by the court of appeals appears on the face Rule 26(B)(2) which provides "An application for reopening shall contain all of the following: . . . (e) Any parts of the record available to the applicant . . ."

**Second Objection: Ohio Rule App. P. 26(B)(2)(e) Does Not Apply to this Case**

Hutchinson claims that he was not required to attach to his 26(B) Application portions of the record that were available to him because the court of appeals already had the record from

2

direct appeal.

Hutchinson first objects "to the Magistrate's conclusion on pages 9-10 of his decision that the state case of *State v. McNeill,* 83 Ohio St. 3d 457 (1998), controls this case." (Objections, ECF No. 20, PageID 537.)  Actually, it was the Fourth District Court of Appeals in this very case that relied on *McNeill*.  *State v. Hutchinson*, Case No. 13CA3 (4th Dist. Apr. 24, 2014)(unreported, copy at ECF No. 12, PageID 189-91.)  The Report cites *McNeill* to show that the Fourth District did not just make up its interpretation of Rule 26(B)(2)(e).

Hutchinson next objects that "[d]espite the fact that Ohio App. R. 26(B)(2)(e) has been effective since 1971, there is a dearth of case law supporting the position that the Magistrate adopted."  (Objections, ECF No. 20, PageID 537.)  Hutchinson has the history wrong.  Although there has been an Ohio Appellate Rule 26 since the Appellate Procedure Rules were adopted July 1, 1971, the Rule was extensively amended July 1, 1993, to create a remedy for ineffective assistance of appellate counsel in response to the Ohio Supreme Court's decision in *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).  See Staff Note to the 1993 Amendments.

The lack of a large body of case law interpreting Rule 26(B)(2)(e) does not disqualify it as a governing state procedural rule.  And Hutchinson cites no case law supporting his position that a defendant need not comply with 26(B)(2)(e) if he has taken a direct appeal where transcripts were once prepared.

Hutchinson's third objection is to the finding that the appellate record was not still before the Fourth District when it denied the 26(B) Application (Objections, ECF No. 20, PageID 538). The Report noted that as a matter of usual appellate practice, the record would have been returned to the trial court when the direct appeal was over (Report, ECF No. 18, PageID 527).

Hutchinson objects that the record does not reflect when the mandate issued. While that is true, it is also correct as the Report notes that "Hutchinson has no evidence that the record remained on file in the Fourth District, but only his assertion to that effect." *Id.* Even in his Objections, Hutchinson provides no response to that observation.

Even if the full appellate record remained on file with the court of appeals, that would not exempt Hutchinson from Rule 26(B)(2)(e). Hutchinson points to no case law in Ohio recognizing an exception to the plain language of the Rule for situations where the record remains on file in the court of appeals.

Hutchinson's Fifth Objection is to the Report's finding that 26(B)(2)(e) was enforced against him (Objections, ECF No. 20, PageID 539). As proof that the Fourth District decided the case on the merits, rather than on the procedural rule, Hutchinson quotes from the concluding paragraph of the decision "we find that Hutchinson has failed to demonstrate a genuine issue regarding the effectiveness of his appellant counsel." *State v. Hutchinson*, Case No. 13CA3 (4th Dist. Apr. 24, 2014)(unreported, copy at ECF No. 12, PageID 191.) He reminds this Court of the plain statement rule found in *Harris v. Reed,* 489 U.S. 255 (1989).

The Supreme Court has indeed held that after *Harris*, "federal courts . . . will presume there is no independent and adequate state ground for a state court decision when the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman v. Thompson*, 501 U.S. 722 (1991), *quoting Michigan v. Long*, 463 U.S. 1032, 1040-1041 (1983). "A predicate to the application of the *Harris* presumption is that the decision of the last state court to which the petitioner presented his federal claims must fairly appear to rest on federal law or to be interwoven with federal law." *Coleman*, 501 U.S. 722, 735;

4

*Simpson v. Jones*, 238 F.3d 399, 407-408 (6th Cir. 2000); *Coe v. Bell,* 161 F.3d 320 (6th Cir. 1998).

But merely quoting the last line of a court's decision does not prove what the decision rested on. The Fourth District lists the six proposed assignments of error that appellate counsel allegedly omitted. *State v. Hutchinson*, Case No. 13CA3 (4th Dist. Apr. 24, 2014)(unreported, copy at ECF No. 12, PageID 188-89). But it does not discuss the merits of those assignments, even in the alternative. Instead, it discuss at length the requirements of Rule 26(B)(2)(e):

> {¶ 13} Simply put, App.R. 26(B)(2)(e) requires the applicant to attach or provide the relevant portions of the record that are available to him. Here, it is apparent that the trial transcript and other record documents were available to Hutchinson, as his application is replete with citations and references to those records. Without being able to review those records, we are unable to evaluate the merits of Hutchinson's application, i.e., we cannot determine whether Hutchinson even states a colorable claim of ineffective assistance of appellate counsel. This is especially true because the State's memorandum contra expressly refutes some of Hutchinson's assertions and contends that some of his citations to the record are taken out of context. For example, in support of his first proposed assignment of error, Hutchinson contends that the State failed to turn over at least 600 photographs from an unmanned surveillance camera that could have demonstrated his innocence, and could have been used to impeach the credibility of the State's witnesses. However, the State contends that it turned over all the photographs during pretrial discovery. Without being able to view the record and transcripts, however, we are unable to determine the validity of either party's claims. Similarly, in his second proposed assignment of error, Hutchinson contends that the prosecutor made improper comments during closing argument--specifically, that the prosecutor commented that one of the State's key witnesses was "telling the truth." In its memorandum contra, however, the State cited and quoted a passage from closing arguments which suggests that Hutchinson's assertion is untrue, or taken out of context. Again, without being able to view the trial transcript and trial record, we are unable to determine the strength of Hutchinson's arguments.

*Id*. at PageID 189-91. The Fourth District expressly relied on the relevant state court rule and

explained why Hutchinson's failure to comply with it prevented the court from deciding his 26(B) on the merits.

In his Sixth Objection, Hutchinson complains that the Report put the burden on him to show that Rule 26(B)(2)(e) is not firmly established and regularly followed and notes that the Respondent cites only cases enforcing that part of 26(B)(2)(e) which requires an affidavit from the appellant (Objections, ECF No. 20, PageID 539-40). There can be no doubt that the Rule is firmly established. It was adopted by the Ohio Supreme Court by a process requiring that proposed rules be sent to the General Assembly and can only become effective if the General Assembly does not disapprove them by the following July 1. That it is regularly followed can be inferred from the fact that the Rule has been in place for more than twenty years and there is no case law saying it does not have to be followed, whereas *McNeill* says it does. Rule 26(B) is invoked by criminal defendants every week. If the 26(B)(2)(e) were not being followed, this Court would expect to see far more habeas corpus cases raising the question presented here than it has. *Fritz v. Knabb*, 2012 U.S. Dist. LEXIS 39845, *11, *15-16 (S.D. Ohio 2012)(J. Ovington) (holding that the Ohio Court of Appeals enforced its procedural rule when it found that Fritz had not complied with Rule 26(B)(2)(e)); *Klein v. Carter*, 2005 U.S. Dist. LEXIS 12571, *32 (S.D. Ohio 2005)(J. Black). This is indeed the first such case claiming the Rule is not regularly followed.

Hutchinson's Seventh Objection is that the Report does not accept his indigence as an excuse for not following Rule 26(B)(2)(e). The point is not the Report's rejection of this excuse. The Fourth District rejected it and did so on the basis of an unrefuted finding that Hutchinson must have had the record available to him, despite not attaching it, because he quotes from the record. Hutchinson spends several pages arguing how the rule violates equal protection by

requiring the indigent to attach portions of the record, but the Fourth District found Hutchinson had already been furnished with the record, presumably because of his indigence.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice because the claims are procedurally defaulted. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 9, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).